IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LUIS ARMAS** | § | |
| | § | A 16-CV-1015-LY |
| V. | § | (A-12-CR-084(8)-LY) |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Luis Armas' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 608). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

Pursuant to a plea agreement, on March 8, 2013, Armas pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, a violation of 21 U.S.C. 846 and 841(b)(1)(A). Dkt. No. 505. On July 1, 2014, the District Court accepted Armas' plea and sentenced him to a 324 month term of imprisonment, followed by a five year term of supervised released, and a $100 special assessment fee. Dkt. No. 524. Armas did not appeal his sentence. On March 16, 2016, Armas moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the amendment to USSG controlled substance guideline levels that were reduced retroactively applicable to previously-sentenced defendants, U.S.S.G. § 1B1.10, amendment 782 (providing for retroactive effect on November 1, 2014). Dkt. No. 557. The Court granted the motion and reduced Armas'

sentence. Dkt. No. 597. On August 30, 2016, Armas filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 challenging his conviction. Dkt. No. 609.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final on issues of Constitutional or jurisdiction magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of Constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, a defendant may waive his statutory right to appeal his sentence, including filing a § 2255 motion, if the waiver is knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (2005).

Rule 4 of the Rules Governing Section 2255 Proceedings ("2255 Rules") requires both a preliminary review of a § 2255 motion and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 2255 Rules, Rule 4(b); accord 28 U.S.C. § 2255(b); *see Raines v. United States,*

423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate") (emphasis in original).

### III. ANALYSIS

In his Motion, Armas argues that his sentence should be reduced pursuant to the United States Sentencing Commission's promulgation of Guidelines Amendment 794, effective November 1, 2015. Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense. *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment. *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

In general, the court is required to use the guidelines manual in effect on the date a Defendant is sentenced. *See Dorsey v. United States*, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The U.S. Sentencing Commission did not make Amendment 794 retroactive to all cases. *See* U.S.S.G. § 1B1.10(d) (2015). But the Ninth Circuit has held it retroactive on direct review. *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In this case, however, Armas did not file a direct appeal. Moreover, Armas' time for filing a direct appeal has long since passed. As Armas brings his claim on collateral review, Amendment 794 has absolutely no bearing on his case. Armas is not entitled to relief under Amendment 794.

Additionally, Armas is not entitled to relief under § 2255. Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *Id.*

Armas is not arguing that his sentence violated the Constitution, was illegal when imposed, was imposed in violation of U.S. law, or any of the other reasons listed in § 2255(a). Instead, he is arguing that he ought to be given retroactive benefit of a clarifying amendment. This type of claim must be brought as motion under 18 U.S.C. § 3582, not a § 2255 motion. *See United States v. Jones*, 143 Fed. Appx. 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as Section 2255 motions); *Ono v. Pontesso*, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); *see also United States v. Mines*, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582").

Even if Armas' motion were properly brought under § 2255, it would be untimely. Such a motion must be brought within one year of certain listed events. § 2255(f). The latest of those events in this case was the date on which his judgment of conviction became final, which was in 2014.

Lastly, if the Court were to construe this as a § 3582 motion, Armas' claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion. *See Quintero-Leyva*, 823 F.3d at 523 (holding that Amendment 794 was a "clarifying amendment"); *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under § 3582).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Luis Armas' Motion to Vacate (Dkt. No. 608).

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## XVI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a COA not be issued.

SIGNED this 14th day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE